KRUPANSKY, Circuit Judge,
dissenting.
As the majority’s opinion, adjudging that Social Security overpayments are dis-chargeable in bankruptcy, significantly and unjustifiably disrupts the detailed statutory framework appearing in Subchapter II of Title 42 U.S.C. § 401 et seq., I must respectfully dissent. Subchapter II, initially promulgated in 1935 and revised on numerous occasions thereafter, establishes an intricate framework whereby trust funds are created principally through taxation for distribution to various qualified recipients, including the aged, survivors and the disabled, upon demonstration of defined criteria. These social benefits programs are administered by, inter alia, the Secretary of Health and Human Services (Secretary). 42 U.S.C. § 401(c). The Secretary’s legislative responsibilities are clear and unequivocal. The Secretary is mandated to award benefits to those claimants who satisfy the pertinent legislative and regulatory criteria. See, e.g., 42 U.S.C. § 402 (old age); 42 U.S.C. § 423 (disability). Congress has protected the recipients’ “rights” to benefits from diversion through execution, levy, attachment, garnishment, bankruptcy, insolvency or other legal process. See 42 U.S.C. § 407.
It is axiomatic, however, that no claimant possesses a “right” to receive payment of benefits in excess of that authorized by the legislature. In the event of an overpayment of benefits, the Secretary’s “right” and duty to recoup the overpayment is as fundamental and unequivocal as the duty to award benefits when appropriate:
(a) Whenever the Secretary finds that more ... than the correct amount of payment has been made ... proper adjustment or recovery shall be made ... as follows:
(1) [T]he Secretary shall decrease any payment under this subchapter to which such overpaid person is entitled, or shall require such overpaid person ... to refund the amount in excess of the correct amount, * * *
42 U.S.C. § 404(a)(1). The Secretary’s compliance with this recoupment provision is, by its own terms, mandatory.[1]
Accordingly, Subchapter II confers upon claimants the “right” to an award of benefits upon demonstration of defined criteria. It correspondingly confers upon the Secretary the right and duty to preserve the trust funds delegated to the agency’s care and administration by recouping, for the benefit of all claimants, overpayments. All of the rights appearing in Subchapter II are excluded from the operation of any bankruptcy law by the following pertinent language:
The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or *1057 in equity, and none of the monies paid or payable or rights existing under this sub-chapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.
42 U.S.C. § 407. The majority opinion in the case at bar has concluded that the term “rights”, as appearing in § 407, does not include the rights of the Secretary to recoup overpayments. Not only is the majority's construction of the term “rights” conspicuously devoid of reference to pertinent legislative history, but such construction reduces the Secretary’s right to recoup overpayment as appearing in § 404(a)(1) to an exercise in legislative futility.
Construction of the provisions set forth in Subchapter II in pari materia leads to the inescapable conclusion that the rights of recipients to benefits, and the rights of the Secretary to recoup overpayments, are not divisible. Rather, both rights advance the intent of Congress to create and maintain a trust and provide for the disbursement of such funds therefrom to those claimants awarded specific amounts, and only those claimants, who are entitled to the benefits. The Secretary’s right and duty to recoup overpayments is simply a vehicle by which the funds may be secured in trust for those claimants who are rightfully entitled to them. All rights delegated to the Secretary by the Congress are exercised on behalf of all qualified claimants. Since the rights of claimants to receive benefits (and have them protected from diversion) and the rights of the Secretary to recoup overpayments are fundamental, coterminous, and inextricably interwoven rights appearing in Subchapter II, the majority opinion constitutes an invasion of the legislative perogative by artificially and without justification severing these nomdi-visible rights. It is anomalous to conclude, as the majority has done, that a claimant’s rights to benefits are not subject to attachment through bankruptcy proceedings and simultaneously conclude that the Secretary’s right to recoup overpayment is subject to bankruptcy and thus dischargeable in such a proceeding. These two integral rights, expressly precluded from the operation of bankruptcy law by Congress, should not and cannot be dichotomized. None of the authority referenced by the majority has predicated a construction of the term “rights” as that term is used in § 407 upon an examination of Subchapter II in its entirety, as detailed above, and is thus distinguishable.
It is also compelling that the Secretary, for the last 20 years, has construed “rights” in § 407 as including the right to recoup overpayments.
Undoubtedly, the principal purpose of this section [42 U.S.C. § 407] is to exempt Title II benefits from the claims of creditors. But it also appears from the language of section [407] that Congress exempted from the operation of the bankruptcy law all “rights” under Title II. In section 407(a) of Title II, the Secretary has clear authority to adjust over-payments against “subsequent benefits payable” under the law. That authority creates a “right” would seem evident from United States v. Munsey Trust Co., 332 U.S. 234, 239; 67 S.Ct. 1599, 1602 [91 L.Ed. 2022] (1947), wherein the Supreme Court said: “The Government has the same right ‘which belongs to every creditor, to apply the unappropriated monies of his debtor, in his hands, in extinguishment of the debts due him.’ ” Thus, the Secretary would be required to exercise this “right” independently of the provisions of the bankruptcy law.
SSA 63-7 (1963). It is fundamental that construction of a statute by an agency charged with its execution is to be afforded extreme deference in the absence of compelling indications that it is erroneous. See Miller v. Youakim, 440 U.S. 125, 143-44, 99 S.Ct. 957, 968-69, 59 L.Ed.2d 194 (1979); New York Department of Social Services v. Dublino, 413 U.S. 405, 421, 93 S.Ct. 2507, 2516, 37 L.Ed.2d 688 (1973); Columbia Broadcasting System v. Democratic National Committee, 412 U.S. 94, 121, 93 S.Ct. 2080, 2095, 36 L.Ed.2d 772 (1973); Red Lion Broadcasting Co. v. FCC, 395 U.S. 367, 381, 89 S.Ct. 1794, 1802, 23 *1058 L.Ed.2d 371 (1969). Deference to the Secretary’s interpretation is particularly warranted in the case at bar since Congress has revised and amended Subchapter II on several occasions subsequent to promulgation of SSA 63-7 without amending § 407 or providing an indication, in the legislative history of § 407 or elsewhere in Subchap-ter II, that the Secretary’s interpretation was erroneous. In sum, there is nothing to indicate that Congress intended to exclude from operation of § 407 the rights of the Secretary to recoup overpayments.
Debtor James Rowan (Rowan) additionally submits on appeal that even if the term “rights” as appearing in § 407 is construed to include the right of the Secretary to recoup overpayments, this statutory provision has been implicitly repealed by the detailed Bankruptcy Reform Act of 1978 (Act), 11 U.S.C. §§ 1-1330. This circuit has expressly rejected this argument. In re Buren, 725 F.2d 1080 (6th Cir.1984). In Buren the bankruptcy court ordered the Secretary to pay the debtor’s social security benefits directly to a bankruptcy trustee, in contravention of the “anti-assignment” provision of 42 U.S.C. § 407. This court rejected the argument that the anti-assignment provision of § 407 was implicitly repealed. A detailed analysis of Burén, which need not be repeated herein, is fully applicable to the “rights” provision of § 407.
Further, as observed in Burén, Congress has amended § 407 as § 407(a) and adding a new subsection, § 407(b), which provides:
(b) No other provision of law, enacted before, on, or after the date of the enactment of this section, may be construed to limit, supercede, or otherwise modify the provisions of this section except to the extent that it does so by express reference to this section.
Pub.Law 98-21, 335, 97 Stat. 65, enacted April 20, 1983. Congress, therefore, has unequivocally reaffirmed that § 407 means what it says. This reaffirmation probatively follows in the wake of In re Neavear, 674 F.2d 1201 (7th Cir.1982), and numerous bankruptcy court decisions, referenced in the majority’s discussion, which adjudged that “rights” did not inure to the benefit of the Secretary or, alternatively, that such rights were repealed by the Bankruptcy Reform Act of 1978.
Construction of the provisions of Sub-chapter II in pari materia leads to the inescapable conclusion that “rights” appearing in § 407 includes all rights incorporated in Subchapter II including the right of the Secretary to recoup overpayments. 42 U.S.C. § 404(a)(1). The mandate of § 407 has not been effected or repealed by the Bankruptcy Reform Act of 1978. Bu-rén, supra. Accordingly, the Secretary’s right to recoup overpayments made to Rowan is not subject to the operation of bankruptcy law, and the Secretary is entitled to recoup the overpayments through future decreased benefits irrespective of Rowan’s discharge in bankruptcy.
Rowan was not entitled to the overpayment made by the Secretary in 1979. To permit his retention of those funds would enrich him beyond his rights. As a result of this enrichment there arose a constructive trust in the overpayments favoring the Secretary. Having knowingly received overpayments, Rowan had a fiduciary duty to return the money to the government. Overpayments knowingly retained by a putative beneficiary constitute a breach of that fiduciary duty and creates an obligation to return the overpayments to the Secretary. Section 523(a)(4) of Title II enumerates obligations thus constituted as nondischargeable in bankruptcy:
(a) A discharge under ... this title does not discharge an individual from any debt—
4= # # ¡k
(4) for fraud or defalcation while acting in a fiduciary capacity....
Retention of the overpayments is at least a defalcation which can not be extinguished in bankruptcy. In my view, Congress intended that such overpayments be recouped.
Accordingly, the decision of the lower court should be reversed.

. The only exception appears in (b) of the above:
(b) In any case in which more than the correct amount of payment has been made, there shall be no adjustment of payments to, or recovery by the United States from, any person who is without fault if such adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience.
42 U.S.C. § 404(b). This exception is inapplicable to the case at bar.